IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAUL J. SULLA, JR.; and PAUL J. SULLA, III, | CIVIL NO. 12-00449 SOM/KSC |
| Plaintiffs, | ORDER REMANDING ACTION TO STATE COURT |
| vs. | |
| LEONARD G. HOROWITZ; and SHERRI KANE, | |
| Defendants. | |
| LEONARD G. HOROWITZ; and SHERRI KANE, | |
| Counterclaim-Plaintiffs, | |
| vs. | |
| PAUL J. SULLA, JR.; and PAUL J. SULLA, III, | |
| Counterclaim-Defendants | |
| and | |
| HERBERT M RITKE, an individual; RON RITKE, an individual; JASON HESTER, an individual; JASON HERSTER, OVERSEER THE OFFICE OF OVERSEER, a "corporate sole" and his successors, over/for the popular assembly of revitalize, a gospel of believers, a corporation; JOHN S. CARROLL; REED HAYES; ISLAND TITLE CO; STEWART TITLE GUARANTY, CO.; GARY DUBIN; DUBIN LAW OFFICES; BENJAMIN BROWER; JANET S. HUNT; COUNTY OF HAWAII; STATE OF HAWAII; and GOOGLE INC. | |
| Additional Defendants | |

**ORDER REMANDING ACTION TO STATE COURT**

**I.      INTRODUCTION.**

On July 20, 2012, Paul J. Sulla, Jr., and Paul J. Sulla, III, "residents" of Hawaii, filed a Complaint in state court. See ECF No. 1-1. The Complaint named as Defendants Hawaii "residents" Leonard G. Horowitz and Sherri Kane. Id. The Complaint alleges that Sulla, Jr., is an attorney who represented a party that foreclosed on property owned by Horowitz's non-profit corporation, Bloodline of David. Id. ¶ 10. The Complaint alleges that Defendants thereafter began publishing defamatory statements over the internet, including through a website located at **www.paulsullafraud.com**. Id. ¶¶ 10, 12. The website allegedly falsely states that Sulla, Jr., is engaging in fraud, organized crime, securities schemes, racketeering, arms sales, money laundering, embezzlement, and CIA cult experiments, and that he pads bills, steals money, and has been "busted." Id. ¶ 13-38. The Complaint asserts two state-law claims based on defamation and defamation per se. Id. ¶¶ 46-55.

On August 8, 2012, Horowitz and Kane removed the state-court case to this court. See ECF No. 1. They filed a counterclaim and additional claims on September 7, 2012. See ECF No. 12.

On September 24, 2012, this court issued an order to show cause why this action should not be immediately remanded to state court. See ECF No. 30.

On September 27 and October 2, 2012, Horowitz and Kane responded to the order to show cause. See ECF Nos. 34 and 35.

Because the court lacks subject matter jurisdiction, the court remands the improperly removed Complaint to the Circuit Court of the Third Circuit, State of Hawaii.

**II.    ANALYSIS.**

This court, noting that all parties might be citizens of Hawaii, expressed concern that it might lack diversity jurisdiction supporting the state-law claims asserted in the Complaint. The court therefore issued the September 24, 2012, order to show cause why this action should not be remanded. See ECF No. 30.

The responses to the order to show cause did not challenge the lack of diversity jurisdiction, but instead asserted federal question jurisdiction. See ECF Nos. 34 and 35. Defendants argue that, because the allegedly defamatory statements were published via the internet, this court has exclusive jurisdiction pursuant to 47 U.S.C. § 230(c)(1) and § 230(e)(3). This court disagrees.

In relevant part, § 230 states:

(c) Protection for "good samaritan" blocking and screening of offensive material

3

> (1) Treatment of publisher or speaker
>
> No provider or user of an interactive computer service[1] shall be treated as the publisher or speaker of any information provided by another information content provider.
>
> . . . .
>
> (e) Effect on other laws
>
> . . . .
>
> (3) State law
>
> Nothing in this section shall be construed to prevent any State from enforcing any State law that is consistent with this section. No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section.

The Ninth Circuit has noted that § 230 protects most internet services from "liability for publishing false or defamatory material so long as the information was provided by another party." Carafano v. Metrosplash.com Inc., 339 F.3d 1119, 1122 (9th Cir. 2003). The Ninth Circuit has stated that "an 'interactive computer service' qualifies for immunity so long as it does not also function as an 'information content provider'

---

[1]"The term 'interactive computer service' means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2).

for the portion of the statement or publication at issue."[2]  Id. at 1123.  Accordingly, "so long as a third party willingly provides the essential published content, the interactive service provider receives full immunity regardless of the specific editing or selection process."  Id. at 1124.  The Ninth Circuit has therefore ruled that an internet dating service was not liable for a third-party's submission of a false profile to its website, see id., and that Google, Inc., was not liable for an anonymous negative business review posted on Google's online business directory.  Black v. Google, Inc., 457 Fed. Appx. 622 (9th Cir. 2011) (unpublished memorandum decision).

Section 230 does not shield persons from liability for defamatory statements that they make via the internet.  See Batzel v. Smith, 333 F.3d 1018, 1031 (9th Cir. 2003) (drawing distinction between statements created and developed and statements republished on the internet); Seldon v. Magedson, 2012 WL 4475274, *16 (S.D.N.Y. July 10, 2012) (noting that § 230's "grant of immunity applies only if the interactive computer service provider is not also an 'information content provider'—a person or entity who is 'responsible, in whole or in part, for the creation or development of' the complained-of content").

---

[2] "The term 'information content provider' means any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service."  47 U.S.C. § 230(f)(3).

5

Whether Horowitz and/or Kane are responsible for the allegedly defamatory statements on the website, or whether they simply republished the statements, is not relevant to the issue of whether this case must be remanded to state court.  Contrary to the representations of Horowitz and/or Kane, § 230 does not provide this court with exclusive jurisdiction over defamation claims arising from statements made via the internet.  See <u>Yellow Freight Sys. v. Donnelly</u>, 494 U.S. 820, 823 (1990) ("To give federal courts exclusive jurisdiction over a federal cause of action, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their presumptively concurrent jurisdiction.").  Nor does § 230 provide for concurrent federal and state jurisdiction.  Far from creating a federal claim, it preempts certain state claims: "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section."  47 U.S.C. § 230(e)(3).

Courts determine whether federal question jurisdiction exists based on the "well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  <u>Rivet v. Regions Bank of La.</u>, 522 U.S. 470, 475 (1998) (citations and internal quotation marks omitted).  A defense asserted by a defendant to a complaint is not part of the

plaintiff's well-pleaded complaint. See id. The Supreme Court has stated: "a case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Id. (citation and punctuation omitted). While a plaintiff cannot avoid removal by failing to plead necessary federal questions, id., § 230 is clearly in the nature of a defense. Section 230 therefore does not provide this court with federal question jurisdiction.

Nor is the court persuaded by Defendants' citation of Article III, Section 2, of the United States Constitution, which provides that the Supreme Court has "original jurisdiction" concerning "Cases affecting Ambassadors, other public Ministers and Consuls, and those in which a State shall be Party." Defendants claim that Sulla is a minister and that this case therefore affects a "public Minister." However, Article III, Section 2 does not provide this court with jurisdiction concerning any matter affecting a church or a minister. See Living in Jesus Truth Ministry v. Wise, 2012 WL 3222148, *5 (D. Nev. Aug. 3, 2012) (applying Article III, Section 2's reference to "public Ministers" to only "public ministers of a foreign state"); United States v. Coplon, 84 F. Supp. 472, 477 (S.D.N.Y. 1949) ("The term 'public minister generally denotes an emissary

7

of one sovereign to another sovereign sent to perform diplomatic duties."). In any event, Article III, Section 2 vests original jurisdiction over "Cases affecting Ambassadors, other public Ministers and Consuls" in the Supreme Court, not this court.

Defendants' reference to a criminal statute, 18 U.S.C. § 247, similarly provides no justification for removing Plaintiffs' defamation claims.  Section 247 simply pertains to crimes concerning damage to religious property and obstruction of persons in the free exercise of religious beliefs.  It does not prevent state courts from adjudicating defamation claims or provide this court with federal question jurisdiction over such claims.  And, of course, a federal criminal law could be enforced only by a federal prosecutor, not by any private party.

**III.   CONCLUSION.**

Because Defendants have failed to establish that this court has subject matter jurisdiction over the removed state-law claims, this action is remanded to the Circuit Court of the Third Circuit, State of Hawaii, pursuant to 28 U.S.C. §§ 1331, 1332, and 1447.  The Clerk of Court is directed to mail a certified copy of this order to the clerk of the State Court.

IT IS SO ORDERED.

DATED: Honolulu, October 4, 2012.



/s/ Susan Oki Mollway

Susan Oki Mollway
Chief United States District
Judge

Sulla, et al. v. Horowitz, et al., Civ. No. 12-00449 SOM/KSC; ORDER REMANDING ACTION TO STATE COURT